UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Hechinger Investment Company of Delaware, Inc., *et al*,<br>Debtor, | Bk. No. 99-02261-PJW<br>(Jointly Administered)<br><br>Chapter 11 |
| Universal Forest Products, Inc.,<br>Appellant,<br><br>vs.<br><br>Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., *et al.*, Debtors in Possession,<br>Appellee and Cross-Appellant. | Civil Action Nos. 05-497 and 05-498 (KAJ) |

**REPLY BRIEF OF APPELLEE IN SUPPORT OF ITS
<u>CROSS-APPEAL FOR DENIAL OF PREJUDGMENT INTEREST</u>**

COZEN AND O'CONNOR
John T. Carroll, III, Esq., DE SBN 4060
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000   Fax: (302) 295-2013

and

Joseph L. Steinfeld, Jr.,  DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Kelly J. Shannon, Esq., MN SBN 0312952
Kelly L. Mangan, Esq., WI SBN 1032576,
MN SBN 0317901
A·S·K FINANCIAL, LLP
2600 Eagan Woods Drive, Suite 220
Eagan, MN 55121
Telephone: (651) 406-9665   Fax: (651) 406-9676

Co-Counsel For Appellee and Cross-Appellant,
Hechinger Investment Company of Delaware, Inc.,
Debtor in Possession

Dated: December 27, 2005

TABLE OF CONTENTS

I.    Introduction ...................................................................................................................1

II.    Argument .......................................................................................................................1

        A.    The Bankruptcy Court's Denial of Prejudgment Interest Without Findings Is An Abuse of Discretion .................................................................................1

III.   Conclusion ....................................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

In re Armstrong, 260 Bank. 454, 459 (E.D.Ark 2001), *aff'd* 291 F.3d 517 (8th Cir. 2002)...2

Kaufman v. Tredway, 195 U.S. 271, 49 L.Ed. 190, 25 S.Ct. 33 (1904) ...............................3

In the Matter of Milwaukee Cheese Wisconsin, Inc., 112 F.3d 845, 847, 849 (7th Cir. 1997) ................................................................................................................................1

P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In the matter of P.A. Berner & Company), 140 F.3d 1111, 1123 (7th Cir. 1998) .............................................................1, 2

Scott Peltz v. Worldnet Corporation (In re USN Communications, Inc.), 280 B.R. 573, 602 (Bankr.D.Del. 2002)..................................................................................................1

Thelma C. Raley, Inc. v. Kleppe, 867 F.2d 1326, 1328 (11th Cir. 1989) ..............................4

United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ..............................................4

**Rules & Other Authorities**

11 U.S.C. § 547 ......................................................................................................................3
11 U.S.C. § 547(b)(2) ............................................................................................................2
11 U.S.C. § 547(c) .................................................................................................................2
11 U.S.C. § 547(c)(4) ............................................................................................................2
11 U.S.C. § 550 .....................................................................................................................3

**REPLY BRIEF OF APPELLEE**

**I.  INTRODUCTION**

On June 16, 2005, the Bankruptcy Court issued its Memorandum Opinion (the "Opinion") granting Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., *et al.*, Debtors in Possession ("Plaintiff" or "Hechinger") judgment in the amount of $1,004,216.03 against Universal Forest Products, Inc. ("Defendant" or "UFP"). (hereinafter "Opinion, p___"). **This amount represents the full amount Plaintiff sought to recover at trial.** Opinion, p. __. The Court denied Plaintiff's request for prejudgment interest and stated only that the Court was exercising its discretion. Opinion, p. 20. In Universal Forest Product's Reply to Hechinger's Response and Response to Hechinger's Appeal Regarding Pre-Judgment Interest ("UFP's Reply"), UFP argues that Hechinger is not entitled to pre-judgment interest. **UFP, however, never addresses the failure of the Court to state any basis for its opinion.** Rather, UFP supplies the same for the Court, and completely misstates the "general rule" that favors awarding prejudgment interest and ignores the relevant and instructive caselaw within this jurisdiction. **II. ARGUMENT**

    **A.    THE BANKRUPTCY COURT'S DENIAL OF PREJUDGMENT INTEREST WITHOUT FINDINGS IS AN ABUSE OF DISCRETION**

"Discretion conferred upon bankruptcy court to award prejudgment interest to trustee in preference proceeding is not authorization to decide who deserves the money more; rather, court must exercise its discretion according to law, which means that prejudgment interest should be awarded, unless there is a sound reason not to do so." In re USN Communications, Inc., 280 B.R. 573, 602 (Bankr.D.Del. 2002), *citing* Matter of Milwaukee Cheese Wisconsin, Inc., 112 F.3d 845, 849 (7th Cir. 1997); *accord* In the Matter of P.A. Bergner & Co., 140 F.3d 1111, 1123

**REPLY BRIEF OF APPELLEE**

-1-

(7th Cir. 1998) (wherein the Seventh Circuit Court of Appeals reversed the bankruptcy court's denial of pre-judgment interest).

In its Reply Brief, UFP argues that this Court should consider whether it had a valid defense to the amount Plaintiff sought to recover. Reply Brief, p. 15. UFP is incorrect. UFP's argument arises from reliance on a case originally heard in the Eastern District of Arkansas, and later considered by the Eighth Circuit Court of Appeals. <u>In re Armstrong</u>, 260 Bank. 454, 459 (E.D.Ark 2001), *aff'd* 291 F.3d 517 (8th Cir. 2002). This determination is inconsistent with both the Bankruptcy Court in Delaware and a majority of other jurisdictions.

Were this Court to consider UFP's argument, however, Plaintiff is still entitled to an award of prejudgment interest. UFP had **no defense** to the amount Plaintiff sought to recover **at trial**. UFP states in its Reply Brief that the trial court ruled on cross motions for summary judgment that UFP had a valid defense to 40% of the claims asserted by Hechinger. Reply Brief, p. 15. This is wholly inaccurate. Hechinger and UFP, in their motions, agreed that a portion of the transfers were payments in advance, and were therefore not on account of antecedent debt. In its December 14, 2004 Memorandum decision, the Bankruptcy Court ruled that this amount, **agreed upon by the parties**, was not a valid preference under 11 U.S.C. § 547(b)(2), but did not rule that UFP was entitled to any defense under 11 U.S.C. § 547(c). UFP also states that it had a valid defense as to all but 5% of the amount Plaintiff originally sought to recover. Reply Brief, p. 15. This is both misleading and irrelevant. As they continued to work together, Hechinger and UFP were able to come to an agreement as to the amount of new value provided by UFP under 11 U.S.C. § 547(c)(4). At trial, Plaintiff sought to recover, and was awarded, the full amount of

$1,004,216.03.  Therefore, **UFP had absolutely no defense to the entire amount Plaintiff sought to recover as preferential**.

Section 550 allows the Plaintiff to recover the value of property transferred under 11 U.S.C. § 547.  11 U.S.C. § 550.  Beth Nickels (former CFO of UFP) stated in an e-mail dated June 17, 1999, " ... Until we find out if HQ is going to exercise their preference rights, we need to keep this reserve in place and continue to accrue.  Our best estimate right now is that they could assert that up to $1 million of payments to us were preference.  OF course, we will fight it, but it is definitely a risk we were aware of when we started receiving the wires." P50.  Therefore, UFP had knowledge of potential preference liability since at least June 17, 1999, and has retained these funds for more than six years. P50.

Plaintiff calculated prejudgment interest from June 4, 1999[1], through the date of trial, at $283,820.76.  While some courts have awarded prejudgment interest from the date of the transfers, there is a division among the majority of courts as to whether it should be computed from the date of demand for return of allegedly preferential transfers, if one was made, or from the date of the complaint. Kaufman v. Tredway, 195 U.S. 271, 49 L.Ed. 190, 25 S.Ct. 33 (1904).  Should the Court determine the date of demand is the proper date to begin the calculation, Plaintiff should be awarded $187,451.82 in prejudgment interest, for the time period of May 14, 2001 to February 25, 2005.  In the alternative, Plaintiff is entitled to prejudgment interest in the amount of $184,469.94, which includes interest from the date of commencement of the action on June 5, 2001, through the trial on February 25, 2005.

---

[1] June 4, 1999 is the date of the last allegedly preferential transfer during the Preference Period.

**REPLY BRIEF OF APPELLEE**

-3-

This Court must determine a finding is clearly erroneous "if the record lacks substantial evidence to support it so that the Court has the definite and firm conviction that a mistake has been committed." <u>Thelma C. Raley, Inc. v. Kleppe</u>, 867 F.2d 1326, 1328 (11th Cir. 1989), *citing* <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948). Here, the Bankruptcy Court's record does not include consideration or a delineation of the factors for the award of prejudgment interest. Therefore, the denial of prejudgment interest represents clear error and remand with instructions is proper.

### III. CONCLUSION

Plaintiff hereby requests this Court reverse the Bankruptcy Court's unsupported denial of pre-judgment interest and remand for findings and an award of pre-judgment interest.

Dated: December 27, 2005　　　　　　　　By: */s/ John T. Carroll, III*
Local Counsel　　　　　　　　　　　　　　COZEN AND O'CONNOR
　　　　　　　　　　　　　　　　　　　　　John T. Carroll, III, Esq., DE SBN 4060
　　　　　　　　　　　　　　　　　　　　　Chase Manhattan Centre
　　　　　　　　　　　　　　　　　　　　　1201 North Market Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　**Telephone:** (301) 295-2000 **Fax:** (302) 295-2013

　　　　　　　　　　　　　　　　　　　　　　and

Primary Counsel
　　　　　　　　　　　　　　　　　　　　　Joseph L. Steinfeld, Jr., DC SBN 297101,
　　　　　　　　　　　　　　　　　　　　　MN SBN 0266292, VA SBN 18666
　　　　　　　　　　　　　　　　　　　　　Kelly J. Shannon, Esq., MN SBN 0300469
　　　　　　　　　　　　　　　　　　　　　Kelly L. Mangan, Esq., WI SBN 1032576,
　　　　　　　　　　　　　　　　　　　　　MN SBN 0317901
　　　　　　　　　　　　　　　　　　　　　A•S•K FINANCIAL, LLP
　　　　　　　　　　　　　　　　　　　　　2600 Eagan Woods Drive, Suite 220
　　　　　　　　　　　　　　　　　　　　　Eagan, MN 55121
　　　　　　　　　　　　　　　　　　　　　**Telephone:** (651) 406-9665 **Fax:** (651) 406-9676

　　　　　　　　　　　　　　　　　　　　　Co-Counsel For Plaintiff, Hechinger Investment Company of Delaware, Inc., Debtor in Possession

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Hechinger Investment Company of Delaware, Inc., *et al*,<br>Debtor,<br><br>Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., *et al.*, Debtors in Possession,<br>Plaintiff,<br>vs.<br><br>Universal Forest Products, Inc.,<br>Defendant. | Bk. No. 99-02261-PJW<br>(Jointly Administered)<br><br>Chapter 11<br><br><br>Civil Action Nos. 05-497 and 05-498 (KAJ) |

**CERTIFICATE OF SERVICE**

I, JOHN T. CARROLL, III, hereby certify that on December 27, 2005, I caused a copy of the foregoing document to be served on the parties set forth below, via the manner specified.

Michael S. McElwee
Varnum, Riddering, Schmit & Howlett LLP
251 N. Rose Street, 4th Floor
Kalamazoo, MI 49007-3823
**VIA UPS OVERNIGHT**

Kevin Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
**VIA UPS OVERNIGHT**

Dated: December 27, 2005
        Wilmington, DE

Local Counsel

By  /s/ John T. Carroll, III
    COZEN O'CONNOR
    John T. Carroll, III, Esq. (4060)
    Chase Manhattan Centre
    1201 North Market Street, Suite 1400
    Wilmington, DE 19801
    Telephone: (302) 295-2000   Fax: (302) 295-2013